We will hear argument next in case number 24-1379, Jenkins against Collins. May it please the court, this case presents an important question of whether VA may decide, regardless of evidence, that a veteran enters his service with a drug and alcohol abuse disorder. This court should review this appeal because it satisfies the Williams factors and presents unusual circumstances. As for a clear and final ruling on a legal issue, the board found that there was clear and unmistakable evidence that Mr. Jenkins had a cannabis use disorder that preexisted his service. Counsel asked the Veterans Court to reverse that finding because there was no evidence, let alone clear and unmistakable evidence, that he entered service with a cannabis use disorder. The Veterans Court acknowledged the board's finding and then found that there was no finding to reverse. This was the clear and final legal ruling, namely that the presumption of soundness, 38 U.S.C. 1111, affords Mr. Jenkins no protection from the board finding that he entered service with a cannabis use disorder. And just, I realize this question gets ahead of the Williams jurisdiction question, but doesn't that proposition, the proposition that you are saying is a legal question presented, didn't Morris answer that question in favor of the government, that for a non, I think the language was, if a condition is not an injury or disease within the scope of 1110, then 1111 and the presumption of soundness simply do not come into play? Well, Morris... I realize this is a slightly different era because the statute was a little different, but this one is even stronger perhaps. Yes. Morris, I believe, dealt with 3.304C, which had to do with the types of conditions that by their very nature would be a lifelong type of condition, not something that would be caused by service. Refractive errors, personality disorders, whereas a cannabis abuse disorder or a substance abuse disorder in general is not something that is a lifelong condition. It's not something where if you have it at 20, you can assume that you also, you know, had it at 10 years old or that without any type of service atmosphere, it would have developed anyway. In fact, alcohol and drug abuse are known to often be secondary to psychiatric conditions. So I think that that's where this issue is distinct from Morris. The legal ruling that 1111 would allow VA to, or would not protect Mr. Jenkins from, you know, being presumed to enter service with a cannabis use disorder was separate from the remand. The remand instructions were to obtain records, issue a supplemental statement of the case, address the adequacy of a medical opinion, but none prohibited VA from relying on this supposition that he entered service with a cannabis use disorder when re-adjudicating the claim. And that's something that will directly govern the remand because it... But won't it be reviewable on appeal after remand? I believe that what you're getting at is whether or not this Court is, the time is now to review it or the time is later. Well, I'm getting at that that's the third Williams factor, that there's a substantial risk that it wouldn't survive a remand. So if it would be reviewable on appeal after remand, you haven't met the Williams criteria. I think that there's the substantial risk factor that the remand won't survive. Under Williams... What does that mean? It means that when you have the presumption of soundness violated, because the burden is on the government to show that... If you go back down and your client loses again because they apply this legal view that you think is wrong, you can appeal it again, right? Yes, but in the interim, they can generate more evidence that goes towards that idea of pre-existence. Well, they're going to generate more evidence anyway because even if we agree with you, it's going to go back down to them and they're going to look at the case again. What we're asking this Court to do... We're not going to do that. Okay. I believe that in Worley, for example... Can you just answer my question? Are you saying somehow that if it goes back down and you lose, you will not be able to appeal this legal issue? That's not what I'm saying. Well, then you're out on three. Unless your answer is you might go back down and your client might get all the benefits he's entitled to, and then you don't need to appeal at all. From what I understand, the substantial risk factor, especially as a client... The Williams Criteria is almost always used by the government because the Veterans Court gets a legal issue wrong, and they don't have to go through the whole process of a remand because if the board awards benefits under a wrong legal determination, they can't appeal to the Veterans Court, so they get to come up to us. The Veterans almost always, except in rare cases, can seek appeal after remand. My understanding of the Williams factors is that it was based on... There are three cases that are footnoted in Williams. One is Allen, and that was a Veterans appeal. One is Danboff. That was also a Veterans appeal. And one was Adams, which was also a Veterans appeal. Can you just answer my question? Do you think you would be prohibited from raising the legal argument you made if you lose on remand? I think that I could be because the factual evidence would have changed because VA would be able to change what evidence there is. Basically, this court has held that to rebut the presumption of soundness, you can use medical opinions that are generated after service. So if this case goes back without this question being resolved, VA could try to generate more evidence to say, look, there was a preexisting disorder, but that evidence isn't there right now, which is why a ruling on the presumption of soundness issue that also prohibits further development on that is essential at this stage. What's your legal basis for saying we would order them to not further develop the case? Again, I think I just cited from Worley, but that was also something that was stated in Adams, where it said that if the purpose of a remand could be to generate more evidence with respect to the presumption of soundness, then that would be prohibited. But in Adams, that wasn't the purpose. The purpose was to address whether the evidence was sufficient to rebut it in the first instance, not to generate more evidence. Here, there's the substantial risk that if we send it down with this presumption of soundness question undecided, it will be a different evidentiary record when it comes back here. And this Court cannot make findings of application to law to facts. So the problem is that right now on this record, there is no evidence of preexistence, no legally cognizable evidence. But if it goes back down, VA could ask for further medical opinions to try to build that case, and that would prevent us from getting review in this Court. That is where this is somewhat on all fours with Adams. You know, although Adams, you know, did end up going back to a remand, that is where I believe this Court would have jurisdiction, and that is where there is that substantial risk because of this Court's jurisdictional limitations on application of law to facts or on factual questions. Again, I would ask you to look at Dambach, which was a case on 1154B, which again went to the evidentiary burden that the veteran would have to prove on a remand. There was no impossibility. He could have lost and appealed later on, but it was the fact that it went to the evidentiary burdens that was the reason why this Court took jurisdiction. Similarly, in Allen v. Principi, he could have gotten 100 percent benefits for a psych disorder without having to bring in any evidence of secondary alcohol abuse, but it was the fact that it impacts the evidentiary record that was the reason why this Court took jurisdiction. And those are the cases that are relied on in Williams, which is why I believe the Court should take jurisdiction in this case. Because again, one of the things that's discussed, I believe, in Adams is that taking jurisdiction on a remand is an unusual circumstance, and this is a case with an unusual circumstance. And if we did, tell me just briefly on the merits, what it is you would have us say if we do reach the merits of this case. I would have you say that a veteran, the presumption of soundness protects a veteran from being presupposed to have entered service with a drug abuse disorder or an alcohol disorder, notwithstanding that language in 1110. In 1990, when Congress updated 1110 with that language about abuse of drugs and alcohol, that was back before Wagner. That was back when the presumption of soundness was essentially understood as how you're entering into service, not so much as what happened during service. Wagner was in 2004. Those amendments were in 1990. Congress did not intend that these amendments, which were there simply to overturn one regulation that allowed for secondary service connection for things like cirrhosis of a liver based on a primary alcohol disability that arose during service. They wanted to present to prevent that. They were essentially overturning that regulation, and that was the purpose, which is discussed in Allen. It was never their purpose to say the military can sign someone up, find them sound, ship them off to combat, and then decide because they disclosed that they used marijuana twice before service and got a waiver, well, they entered service a drug addict. And everything that happened since then has nothing to do with Iraqi combat and all has to do with this presupposing drug disorder. So what I would like this Court to do is to say that the Department of Veterans Affairs has to presume that when people enter service, if it is not written on the report of medical examination, on their enlistment examination, that they have an alcohol or drug use disorder, then the presumption of soundness applies the same as it applies for anything else. They are presumed to not have that unless there is clear and unmistakable evidence that they did. And that is notwithstanding the aggravation prong. The preexistence prong is its own prong that can be reversed because when you're confused about something, I thought that the Veterans Court said that the board recognized that the presumption of soundness did apply, but then found clear and unmistakable proof that the condition did preexist service, but then stopped there and didn't inquire about aggravation. Is that the lay of the land? But my contention and what we had asked our court to do was there's two separate prongs. And again, these two prongs come from Wagner, which is 2004. But there's two separate prongs. Our contention is that when the board found clear and unmistakable evidence of preexistent service, that was what we wanted reversal because that impacts how the evidence is viewed. The 2020 examiner, the negative examiner, she relied on that preexistence to say he doesn't have PTSD. He has residuals of this preexisting disorder. So while the aggravation prong wasn't addressed, these are two separate prongs, and there was a board finding that there was clear and unmistakable evidence he entered service with this disorder, which impacts the way all the evidence is viewed. The favorable opinions, the reason the board rejected them was because they didn't acknowledge this supposed preexisting disorder. So we asked the Veterans Court, we want to reverse that finding that it clearly and unmistakably preexisted service, but the Veterans Court saw it as, well, as long as aggravation is not addressed, it's okay. And on the remand that the Veterans Court awarded, do you not get to challenge that finding of preexistence of this particular disorder and put in new evidence and whatnot? We could certainly challenge the finding, but our contention, again, going back to the idea that this is the government's burden, is that the record as it is today, the government didn't carry any burden to find preexistence. The Secretary didn't even defend that part. The Secretary didn't say there was sufficient evidence to overcome preexistence. The Secretary said it just doesn't apply. So if we go back to VA, yes, we will make that argument, and we can put in more evidence, but the government can get more evidence, too. What we think is that the record as it is warrants a reversal on this idea that he entered service with this preexisting disorder because it violates the plain language of 1111, that he is presumed sound when he enters service, notwithstanding the aggravation prong. Okay. You're into your rebuttal time. Okay. Thank you. Thank you, Your Honors, and may it please the Court. This Court should dismiss this appeal or alternatively affirm the Veterans Court's decision. This is an appeal of a non-final remand order that provides a clean slate for the Board to address the legal issues regarding an acquired psychiatric disorder. This Court typically does not review remand orders of the Veterans Court, and it should decline to do so here because Mr. Jenkins fails to satisfy each of the three Williams factors. At bottom, what the disagreement seems to come down to is that Mr. Jenkins seems to be arguing that the Veterans Court endorsed the Board's decision with respect to the legal issues in the acquired psychiatric disorder. The Veterans Court did not. It simply summarized what the Board was saying and then vacated with respect to factual and legal issues and told the Board that they can try again with respect to the legal issues. You're opposing counsel saying, and maybe I'm wrong and she can correct me when she gets back up, but it sounds like the Board made a decision that was clear and convincing evidence of a disorder prior to service, which they can do even with a presumption of soundness. That's how you get over it. That it went up, the Veterans Court found that insufficient and sent it back, and she wants to say, well, with a legal ruling that I can't understand, quite understand what she's saying, but she wants to freeze the record because since she's already won on, or at least potentially won that the record as it stands doesn't show evidence, then they shouldn't be, on remand, be allowed to go back and look at it again. Is that what you heard? I mean, I don't understand any other reason to do this. I mean, if the Board got it wrong in its decision that there was clear and convincing evidence that this predated service, then you appeal and say the Board got it wrong. The normal course is the Veterans Court vacates on remand and said, this is wrong. You don't have substantial evidence for your decision, and it goes back, and the Board can do whatever the Board does on looking at the VA's decisions. We don't read the Veterans Court's decision as saying that the Board got it wrong. We read it as saying that the Board did not provide sufficient explanation of why it's relying on the December 2020 opinion.  It's a reasons and basis for remand. Yes, exactly, Your Honor. So with that, we think that Mr. Jenkins does not satisfy any of the three Williams factors. There's no statement of law that would – There's nothing in the Veterans Court decision that says 1111 doesn't apply to a condition that itself doesn't qualify under 1110? That's correct because the Veterans Court is summarizing the Board's decision, and the Veterans Court does not endorse the Board's decision. And you agree that following the remand, Mr. Jenkins would have the right to appeal if he's not satisfied with the outcome? Yes. All of the arguments that Mr. Jenkins is making today with respect to the legal issues that his counsel has raised could be raised below. No chance they could be mooted unless he prevails in full? With respect to the acquired psychiatric disorders, that's at issue on dispute now, no. If Your Honors have no further questions. Okay. Thank you. Thank you, Your Honors. Just to respond, I think, again, I'd reiterate that there is a chance that it could be mooted because VA could generate more evidence. And the record as it is, there isn't sufficient evidence. Also, I would say that the Court did endorse the Board's approach by, first of all, saying that there was no finding to reverse when the Board made a finding. The Board said, clearly and unmistakably, clear and unmistakable evidence that this preexists the service. That was a reversible factual finding. That was also a legal finding. And the Court said there's nothing to reverse simply because the Board decided not to address aggravation based on 1110. So the Court did not look at it as these two separate prongs with two separate legal findings. The Court looked at it as kind of, well, we don't have to worry about preexistence. Aggravation is that catch-all. And that is just not the way the presumption of soundness is meant to work. It's perversion of it because the idea of the presumption of soundness is veterans are presumed to enter service without anything. It's not about, well, they enter service with everything and we have to prove aggravation. That would turn it on its head. But the biggest risk here is the risk of further development of evidence going towards the presumption of soundness, which is why we had asked our Court to prohibit that the way our Court typically prohibits that in presumption of soundness cases. And so that is what I'd ask Your Honors to think about in terms of whether now is the time to address this or whether this can wait for later because there is that substantial risk to Mr. Jenkins. If there are no more questions. Okay. Thank you. Thanks to all counsel. The case is submitted.